UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN LEE WASHINGTON,

      Plaintiff,

v.                                    Case No. 5:16cv227-WTH-CJK

ROBIN SMITH, Warden,
Calhoun Correctional Institution,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, brought pursuant to 42 U.S.C. § 1983, is before the court on the parties' cross-motions for summary judgment. (Docs. 51-52). The parties responded in opposition to each other's motions. (Docs. 57-60). The matter is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned recommends that defendant's motion be granted and plaintiff's motion be denied because the evidence is such that a reasonable jury could not conclude defendant violated plaintiff's constitutional rights by interfering with his mail or telephone access.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Tomoka Correctional Institution ("Tomoka CI").   On October 13, 2016, plaintiff filed the amended complaint, the operative pleading in this action.  (Doc. 10).  At the time of the events described in the complaint, plaintiff was confined at Calhoun Correctional Institution ("Calhoun CI").  The complaint alleges Robin Smith, the Warden of Calhoun CI, violated the Constitution by: (1) not allowing plaintiff to send or receive mail; and (2) not allowing plaintiff to use the telephone to contact his family.[1]  As relief, plaintiff requests that his mail be released and that he be allowed telephone access.[2]

---

[1] The amended complaint identifies the defendant as Warden S. Payne.  Payne, however, was replaced as Warden by Smith.  Because plaintiff sought only injunctive relief, the court substituted Smith as Payne's successor.  (Doc. 11).

[2] After the parties filed their motions for summary judgment, plaintiff was transferred from Calhoun CI to Tomoka CI.  (Doc. 61).  A transfer between correctional institutions generally moots a prisoner's claim for injunctive relief.  *See McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.") (citation omitted).  Plaintiff, however, seeks a court order requiring defendant Smith to give plaintiff the mail Smith allegedly withheld from plaintiff.  Because the court could potentially provide plaintiff with meaningful relief (the release of the mail), the case is not moot.  *Cf. Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.").

Case No. 5:16cv227-WTH-CJK

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The

court may not, however, accept any facts that are "blatantly contradicted by the record, so that no reasonable jury could believe [them]." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Moreover, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## FACTS

The facts pertinent to the resolution of the motion are drawn from plaintiff's verified amended complaint (doc. 10) and the evidence in the summary judgment record (docs. 51, 52, 57, 59, 60). *See Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) (holding specific facts pled in a sworn complaint must be considered in opposition to a motion for summary judgment). Where the parties offer conflicting accounts of the events in question, the court "sets forth the facts, drawn from the evidence presented, in the light most favorable to the" nonmoving party. *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1265 (11th Cir. 2005). Nevertheless, matters stated by a court as "facts" for purposes of summary judgment review may not be the actual facts. *See Montoute v. Carr*, 114 F.3d 181, 182 (11th Cir. 1997).

Defendant Robin Smith is the Warden of Calhoun CI.  In support of her motion for summary judgment, defendant submitted her own affidavit, as well as affidavits from Patrick Pitts (the Calhoun CI mail room supervisor), Patrick Edge (a Major at Calhoun CI involved with security and implementing procedures for inmate telephone use), and Christopher Honnen (the Senior Chaplain at Calhoun CI). (Docs. 52-1 – 52-4).  Defendant's affidavit states: (1) "neither she nor anyone else at Calhoun Correctional Institution has been blocking either the incoming or outgoing mail of" plaintiff; (2) she "does not have in her possession or control any undelivered mail addressed to" plaintiff; (3) plaintiff "has been allowed the same phone privileges as all other inmates, within the parameters and requirements of Section 33-602.205 of the Florida Administrative Code"; and (4) plaintiff "is, and has been, able to receive and send mail and make telephone calls to the same extent as all other similarly situated inmates within the guidelines and parameters set forth in the Sections 33-210.101 (Routine Mail) and 33-602.205 (Inmate Telephone Use) of the Florida Administrative Code."  (Doc. 52-1).  Similarly, Pitts' affidavit states neither he nor anyone else in the mail room at Calhoun CI has been blocking plaintiff's incoming or outgoing mail, and Pitts does not have in his possession or control any undelivered mail addressed to plaintiff.  (Doc. 52-2).

Edge's affidavit states: (1) plaintiff "completed the form D6-223, Inmate Telephone Agreement and Number List, as required and which form was approved

by SECURUS on December 17, 2015"; (2) "[o]nce this form is completed and approved, the inmate submitting the form may make telephone calls to the approved numbers during the times that the phones in the dormitories are activated for inmate use"; (3) "[t]he telephones in the dormitories are turned on each day at approximately 4:00 p.m. and are kept on until approximately 9:00 p.m., except during lockdown or other emergency circumstances, during which time any inmate who is not in confinement status is free to use the phone to call any approved number listed on the completed form D6-223"; and (4) "no one has prevented [plaintiff] from calling the approved numbers to speak with his family."  (Doc. 52-3, p. 1-2).  Plaintiff's D6-223 form is attached to Edge's affidavit; the form is dated December 12, 2015, and lists a phone number for plaintiff's sister.  (*Id.*, p. 4).

Honnen's affidavit states "on April 19, 2016, [plaintiff] was allowed to make a telephone call to his sister, Mary Lou Holmes, at a number not approved by SECURUS.  The call was in response to a verified report by [plaintiff's] sister that [plaintiff's] brother had passed away."  (Doc. 52-4, p. 1).  A Case Management Log Entry and Crisis Message Worksheet attached to Honnen's affidavit reflect that plaintiff had telephone contact with his sister on April 19, 2016.  (*Id.*, p. 3-4).

Plaintiff's relevant evidence, submitted with his motion, consists of an envelope mailed in December 2014 to Ethel Washington at P.O. Box 395, St. Helena Island, South Carolina 29920.  (Doc. 51, p. 14).  The envelope is marked "Return to

Sender; Not Deliverable as Addressed; Unable to Forward." (*Id.*).  Plaintiff also submitted envelopes he received from: (1) Ethel Washington with a return address of P.O. Box 395, St. Helena Island, South Carolina 29920; (2) Mary Lou Holmes with a return address of 106 Coffin Point Road, St. Helena Island, South Carolina 29920; (3) Devin Coaxum with a return address of 16 Luther and Margie Lane, St. Helena Island, South Carolina 29920; and (4) Victoria Washington, P.O. Box 788, St. Helena Island, South Carolina 29920.  (*Id.*, p. 15-22).  The envelope from Victoria Washington is addressed to plaintiff at Volusia County Corrections, 1354 Indian Lake Road, Daytona Beach, Florida 32120.  (*Id.*, p. 22).  The remaining envelopes are addressed to plaintiff at Calhoun CI.  (*Id.*, p. 15-21).

Plaintiff also submitted legal documents he mailed to a state court in Volusia County, Florida.  Plaintiff mailed a motion for post-conviction relief to the Seventh Judicial Circuit in Volusia County on September 16, 2016.  (*Id.*, p. 57-67).  Plaintiff attempted to send the motion to the Daytona Beach division of the court, but it was returned for insufficient address.  (*Id.*, p. 69, 71).  Plaintiff then mailed the motion to the DeLand division on September 29.  (*Id.*, p. 69, 72).  Plaintiff subsequently mailed a letter to the clerk of court inquiring about the status of the motion.  (*Id.*, p. 8, 69-70).  The clerk responded on October 17, 2016, and stated no such motion had been received as of that date.  (*Id.*, p. 53-54).  According the Volusia County Clerk of Court's website, however, the motion was docketed in Case No. 2005 036289

CFAES on October 3, 2016.[3]   Plaintiff submitted the motion a third time on December 5, 2016; it was received by the Volusia County court on December 7, 2016, and docketed in Case No. 2005 036129 CFAES.  (*Id.*, p. 8, 74-84, 87).

With respect to his telephone access claim, plaintiff submitted a prison official's response to a formal grievance.  (*Id.*, p. 25).  The grievance is not included in the record, but the response, dated March 17, 2016, states: "I have called the number that you have listed on your telephone list as a home phone number for your sister.  This number is a cell phone number, you can leave a voicemail however it does not state whose phone it is on the voicemail.  If they call back and it is your sister, I will advise you.  Based on the above consider your formal grievance Denied."  (*Id.*, p. 25).

## DISCUSSION

"The First Amendment, as incorporated by the Fourteenth Amendment, prohibits states from 'abridging the freedom of speech.'"  *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (*quoting* U.S. Const. amend. I).  "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment."  *Id.* (*citing City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]

---

[3] *See* Volusia County Clerk of Circuit Court, https://app02.clerk.org/ccms/ (last visited Apr. 20, 2018).

prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment.") (citations omitted). "Further, it is well established that a prison inmate 'retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Al-Amin*, 511 F.3d at 1333 (*quoting Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

Plaintiff has not presented evidence showing prison officials interfered with his ability to send and receive mail. The affidavits submitted by defendant establish neither she nor officials in the mail room interfered with plaintiff's ability to send mail to his family or the courts. The affidavits also show prison officials are not preventing the delivery of any mail sent to plaintiff.

The evidence plaintiff submitted does not support his mail interference claim. The letter plaintiff sent to his sister at P.O. Box 395, St. Helena Island, South Carolina, has a postmark dated December 19, 2014. (Doc. 51, p. 14). Plaintiff claims Calhoun CI officials improperly sent the December 2014 letter back to him. (*Id.*, p. 3). He notes he previously: (1) mailed items to his sister at the St. Helena Island address; and (2) received envelopes from his sister that used the St. Helena Island address as the return address.[4] (*Id.*, p. 3, 15-18).

---

[4] All the envelopes plaintiff received from his sister predate the December 19, 2014, letter. (Doc. 51, p. 15-18). A reasonable inference is that plaintiff's sister changed her address sometime after the earlier correspondence but before the December 2014 letter.

The envelope plaintiff relies on to support his claim, however, shows the mail was returned by the U.S. Postal Service as undeliverable.  (Doc. 57-1, p. 1-2).[5] Plaintiff has provided no evidence indicating prison officials prevented plaintiff from mailing letters to his family in December 2014 or any other time.

Similarly, plaintiff has not established defendant was responsible for the Volusia County court's failure to receive the September 2016 motion for post-conviction relief.  The evidence indicates Calhoun CI officials mailed the motion for post-conviction relief to Volusia County, but it was either returned by the postal service for insufficient address, or docketed in the incorrect case by the clerk of the state court.[6]

Other evidence undermines plaintiff's claim of mail interference.  Plaintiff submitted: (1) a Justice Administrative Commission response to a public records request that is addressed to plaintiff at Calhoun CI and dated August 26, 2015 (doc. 51, p. 26); (2) the FDOC's response to a petition for writ of habeas corpus that

---

[5] The mail room supervisor at Calhoun CI, Patrick Pitts, submitted a second affidavit in response to plaintiff's motion for summary judgment.  (Doc. 57-1).  Pitts' second affidavit confirms the label on the envelope reading "Return to Sender Not Deliverable as Addressed Unable to Forward" is "not a label that was affixed to the original letter by the Institution mail room but is a label affixed by the U.S. postal service indicating that they have no way to deliver or forward the letter to the addressee."

[6] Plaintiff suggests defendant's alleged interference with the motion for post-conviction relief violated his right to access the courts.  Even assuming defendant was somehow responsible for the court's 2-month delay in receiving the motion, plaintiff has not demonstrated any prejudice from the delay.  Thus, plaintiff cannot establish an access to the courts claim.  *See Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury.").

contains a certificate of service indicating it was mailed to plaintiff at Calhoun CI on February 2, 2017 (*id.*, p. 28-33); and (3) three responses by the Volusia County Clerk of the Circuit Court to plaintiff's notice of inquiries (*id.*, p. 87, 90, 95). Plaintiff's receipt of these items through the mail suggests officials at Calhoun CI did not prevent plaintiff from receiving mail. Based on the foregoing, a reasonable jury could not conclude defendant interfered with plaintiff's ability to send and receive mail.

Likewise, the evidence does not establish defendant violated the Constitution by prohibiting plaintiff from using the telephones in the prison dorms. The FDOC's regulations regarding the use of telephones state:

> To initiate telephone privileges, inmates shall complete Form DC6-223, Inmate Telephone Agreement and Number List. Each inmate is limited to no more than 10 names and numbers of persons he or she wishes to access. Inmates shall not be allowed to telephone any person not on this list except as outlined in [the sections of this rule concerning calls to attorneys or foreign consulates]. Inmates shall not make three-way telephone calls nor make calls to numbers on the list which are then transferred to other telephone numbers. Inmates shall not be allowed to include business telephone numbers or cell phone numbers on the list.

Fla. Admin. Code r. 33-602.205(2)(a). Calls to personal cell phones are subject to additional restrictions. *See* Fla. Admin. Code r. 33-602.205(2)(a)1.-5.

Plaintiff listed a telephone number on his DC6-223 form that he identified as belonging to his sister. His argument regarding telephone access is based on his belief that defendant prevented plaintiff from receiving items (i.e., a cell phone

contract or bill) in the mail that would allow his sister to be approved as a telephone contact.[7]  (Doc. 10, p. 5; Doc. 51, p. 5); *see* Fla. Admin. Code r. 33-602.205(2)(A)5. ("The Department reserves the right to require that a copy of the cell phone contract be provided to the inmate telphone system contractor to verify ownership, physical address for billing information, and subparagraphs 1.-3. above.").  As described above, however, plaintiff has not shown defendant interfered with his ability to send or receive mail.  Nor does the record suggest his sister attempted to send him a copy of her cell phone contract or bill.  The grievance response plaintiff submitted indicates prison officials unsuccessfully attempted to verify the number belonged to his sister.  (Doc. 51, p. 25).

Thus, plaintiff's lack of telephone access was not the result of unconstitutional acts by prison officials.  Instead, it was caused by an inability to confirm the authenticity of the number on plaintiff's DC6-223 form in accordance with FDOC regulations.  And plaintiff does not claim those regulations are unconstitutional. Because plaintiff's arguments regarding the mail and telephones are based on nothing more than speculation, summary judgment in favor of defendant is appropriate.  *See Cordoba v. Dillard's Inc.*, 419 F.3d 1169 (11th Cir. 2005)

---

[7] The affidavit from Patrick Edge suggests plaintiff's DC6-223 form was approved and plaintiff was permitted to call the number on the form during designated times.  (Doc. 52-3).  Evidence submitted by plaintiff, however, indicates he needed to submit a current phone bill from his sister to receive approval to call her.  (Doc. 10, p. 5; Doc. 51, p. 24, 25; Doc. 58, p. 5-7, 13).

("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (*quoting Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)).

Accordingly, it is respectfully RECOMMENDED:

1.    That plaintiff's motion for summary judgment (doc. 51) be DENIED.

2.    That defendant's motion for summary judgment (doc. 52) be GRANTED.

3.    That plaintiff's "Motion Pursuant to Fed. R. Civ. P. 7(b) to Respectfully Request Declaratory Relief, Compensatory Monetary and Punitive Damages or Sanctions Against the Defendants for Injuries Constitutional Infringements and Physical, Mental, Pain Suffering and Emotional Distress" (doc. 58) be DENIED.[8]

4.    That the clerk be directed to enter judgment in favor of defendant and against plaintiff.

5.    That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] The motion reiterates the arguments plaintiff raised in his motion for summary judgment and his response in opposition to defendant's motion for summary judgment.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.